IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE ALBERT SMITH,

    Plaintiff,

v.                                                          CASE NO. 1:15-cv-68-MP-GRJ

C.O.I. DOORMAN,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Willie Albert Smith, DOC #040330, an inmate presently confined at Mayo Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2. Plaintiff concedes that he is subject to the 28 U.S.C. § 1915(g) three-strikes bar, but contends that he is entitled to proceed as a pauper in this case pursuant to the "imminent danger" exception. For the following reasons, the undersigned recommends that this case be dismissed pursuant to the three-strikes bar and for failure to exhaust administrative remedies before filing.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g).

A review of the Court's PACER case locator confirms that Plaintiff is subject to the three-strikes bar. *See*, *e.g.*, *Smith v. Mercer*, Case No. 3:14-cv-1156-TJC-PDB (M.D. Fla. 9/25/14) (dismissing case pursuant to three-strikes bar and noting Plaintiff's extensive filing history). Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is

construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, the Complaint as a whole does not allege any facts that suggest that Plaintiff is in imminent danger of serious physical injury. Plaintiff's claims pertain to his degenerative joint disease, history of hernia, and related disabilities. Plaintiff alleges that following his transfer to Mayo C.I. prison officials would not renew medical passes that had been furnished at his previous institution. Plaintiff contends that on April 9, 2015, an officer prevented another inmate from assisting Plaintiff by pushing his wheelchair. On April 10, 2015, Plaintiff was reprimanded for using his legs to push his wheelchair backwards, which is easier for him given his infirmities. Plaintiff's request for a wheelchair pusher was denied. Doc. 1 at 5-6.

These allegations do not support a finding that Plaintiff's conditions of confinement pose a risk of ongoing serious physical injury. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Further, it is apparent from the face of the Complaint, which was filed on April 15, 2015, that Plaintiff has not exhausted the DOC's three-step administrative remedy process with respect to claims arising on April 9 and 10, 2015. Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff's failure to administratively exhaust the claims in the complaint before filing this case provides an additional ground for dismissal without prejudice.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (Doc. 2) should be **DENIED,** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar and for failure to exhaust administrative remedies, and that all pending motions should be terminated.

**IN CHAMBERS** this 29th day of April 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.